947 F.2d 949
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack W. GLENHAM, et al, Plaintiff-Appellant,
v.
Cletus E. AUSTIN; Daniel Brink; David L. Michie; Murphy &
Elgot; June Powers; Nancy Stroman, et al,
Defendants-Appellees.
Jack W. GLENHAM, et al, Plaintiff-Appellee,
v.
Cletus E. AUSTIN; Daniel Brink; Murphy & Elgot; June
Powers, Defendants,
and
David L. Michie; Nancy Stroman; John Doe, et al.,
Defendants-Appellants.
 Nos. 89-35659 and 89-35726.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1991.
Decided Nov. 7, 1991.
 
 Before WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The plaintiffs in this case (collectively "Glenham") brought an action against the defendants under the RICO statute, 18 U.S.C. § 1962(c)-(d). The district court granted summary judgment in favor of the defendants, and Glenham now appeals. We affirm.
 
 
 3
 To establish a RICO claim, Glenham must prove that the defendants engaged in at least two predicate acts of racketeering. 18 U.S.C. § 1961(5). Glenham alleged that the defendants engaged in predicate acts of mail fraud, securities fraud, and extortion. To support his allegations, Glenham presented the declaration of an expert witness, James Middlebrooks.
 
 
 4
 Summary judgment was appropriate because Glenham failed to present any competent evidence that the defendants engaged in any predicate acts of racketeering. See Fed.R.Civ.P. 56. Middlebrooks's opinion, which is not based on personal knowledge, is not in and of itself evidence that any of the underlying acts were committed. The only arguable evidence consists of a series of documents referred to by Middlebrooks; these documents lack foundation, however, see Fed.R.Evid. 901(a); Beyene v. Coleman Sec. Serv., Inc., 854 F.2d 1179, 1182 (9th Cir.1988), and the declaration discussing them is insufficient to raise a triable issue of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Without competent evidence of predicate acts, there is no basis for a RICO enterprise whether or not the enterprise may be only the sum of the predicate racketeering acts. Compare United States v. Bledsoe, 674 F.2d 647, 665 (8th Cir.), cert. denied, 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1982), with United States v. Bagaric, 706 F.2d 42, 55 (2d Cir.), cert. denied, 464 U.S. 840, 104 S.Ct. 133, 78 L.Ed.2d 128 (1983); see United States v. Feldman, 853 F.2d 648, 659-60 (9th Cir.1988), cert. denied, 489 U.S. 1030, 109 S.Ct. 1164, 103 L.Ed.2d 222 (1989). Accordingly, summary judgment was properly granted.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3